IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC ERIC SCHWENK,

    Plaintiff,

vs.                                         No. CV 15-1133 KG/LAM

CIBOLA COUNTY DETENTION CENTER,
MELODY POHL, and CAROL LUCERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Marc Eric Schwenk on December 14, 2015 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, but will permit Schwenk the opportunity to file an amended complaint. Also before the Court is Schwenk's Motion to Appoint Counsel (Doc. 5), which the Court will deny, as moot, without prejudice to refiling.

### Dismissals for Failure to State a Claim

Plaintiff Schwenk is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th

Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**1. The Complaint Fails to State a Claim for Relief Against Cibola County Detention Center:**

Schwenk names Cibola County Detention Center as a Defendant. Section 1983 states:

> "Every ***person*** who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). A detention facility is not an individual or legal entity capable of being sued and, therefore, is not a "person" within the meaning of 42 U.S.C. § 1983. *Aston v. Cunningham,* No. 99-4156, 2000 WL 796086, at *4 n.3 (10t Cir. June 21, 2000), *quoted in White v. Utah,* 5 F.App'x 852, 853 (10th Cir. 2001). There is no remedy against Cibola County Detention Center under § 1983 and the claims against it will be dismissed for failure to state a claim on which relief can be granted. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

**2. The Complaint's Inmate-to-Inmate Mail Allegations Fail to State a Claim:**

The only claim asserted by Schwenk is that Defendants Lucero and Pohl violated his constitutional rights and privileges by rejecting and destroying his personal out-going mail. (Doc. 1 at 5). Schwenk alleges that on October 27, 2015, Defendant Lucero rejected an outgoing letter from him to his sister, Hallie Schwenk, on the grounds that it was inmate-to-inmate mail. He made a second attempt to mail the letter on October 28, 2015, and the letter was again rejected and returned to him. Schwenk then spoke with Lieutenant Alires who took the letter and returned with a notice that Defendant Pohl destroyed the mail on October 29, 2015, on the grounds that it was mail to another inmate. (Doc. 1 at 4, 11-12). Schwenk does not contend that his sister wasn't an inmate but, instead, claims that the letter should not have been destroyed because it was addressed to a private home address in Grants, New Mexico, rather than to another detention facility. (Doc. 1 at 4).

Inmates retain the First Amendment right to send and receive mail. *See Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989). However, it is well-established that reasonable restrictions on inmate-to-inmate communication are permissible and not violative of First Amendment Rights. *Turner v. Safley*, 482 U.S. 78, 93 (1987); *see also Shaw v. Murphy,* 532 U.S. 223, 231 (2001). Prison officials may also, consistent with the Constitution, take actions to prevent circumvention of reasonable restrictions. *See Lee v. Tahash*, 352 F.2d 970, 974 (1965).

Generally, in matters of prison administration, courts defer to the judgment of the prison officials authorized to establish policies and regulations. *Duamutef v. Hollins,* 297 F.3d 108, 112 (2d Cir. 2002). The Supreme Court has counseled judicial restraint in the federal courts' review of prison policy and administration, noting that courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. *Giano v. Senkowski,* 54 F.3d

4

1050, 1053 (2d Cir.1995); *see also Shaw,* 532 U.S. at 230. Judicial restraint is particularly appropriate where, as here, state correctional facility policies are at issue. *See Giano,* 54 F.3d at 1053. Moreover, the doctrines of separation of powers and federalism where, as here, a state penal system is involved dictate a policy of judicial restraint. *Turner v. Safley,* 482 U.S. at 85.

Schwenk's Complaint contains no more than conclusory allegations that his constitutional rights and privileges have been violated. (*See* Doc. 1 at 5). Schwenk does not allege that any Cibola County Detention Center policy restriction on inmate-to-inmate communications is constitutionally unreasonable. Although he contends that the rejection and destruction of his letter was "illegal" he does not allege any regulation, statute, or constitutional provision that was violated by the restriction on an inmate-to-inmate communication. Nor does he specify which constitutional right was violated or how it was violated by rejection and destruction of the one letter. Schwenk's Complaint is legally and factually deficient and fails to state any plausible claim for relief. *Twombly*, 550 U.S. at 555. Therefore, the Court will dismiss Schwenk's Complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**3. The Court Will Grant Leave to Amend:**

Two supplemental filings by Schwenk allege that he has been placed in segregation in retaliation for filing of this lawsuit. (Doc. 7, 8). The Court determines that Schwenk's Complaint could be amended to state a claim for relief and will grant Schwenk the opportunity to file an amended complaint. *Reynoldson v. Shillinger,* 907 F.2d at 126; *Hall v. Bellmon,* 935 F.2d at 1109.

If Schwenk files an amended complaint, he must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,*

556 U.S. 662, 676 (2009).  In order to state a Section 1983 cause of action, it is particularly important that the amended complaint make clear exactly *who* is alleged to have done *what to whom*, and how what was done violated a constitutional right, to provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).  Any amended complaint must comply with the requirements of Fed. R. Civ. P. 8 and 11 and must be filed within twenty-eight days of entry of this Memorandum Opinion and Order.  If no amended complaint is filed within that time period, the Court may enter a final order of dismissal without further notice.

**IT IS ORDERED:**

**(1)** The claims in Plaintiff Marc Eric Schwenk's Prisoner's Civil Rights Complaint (Doc. 1) against Defendants Cibola County Detention Center, Melody Pohl, and Carol Lucero are **DISMISSED** without prejudice;

**(2)** Plaintiff Marc Eric Schwenk is granted twenty-eight days from entry of this Memorandum Opinion and Order to file an amended complaint; and

**(3)** Plaintiff Marc Eric Schwenk's Motion to Appoint Counsel (Doc. 5) is **DENIED** as moot.

_____
**UNITED STATES DISTRICT JUDGE**