# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARC ERIC SCHWENK,

      Plaintiff,

vs.                                                                        No. CV 15-1133 KG/KRS

CIBOLA COUNTY DETENTION CENTER,
MELODY POHL, and CAROL LUCERO,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Marc Eric Schwenk on December 14, 2015 (Doc. 1) ("Complaint"). The Court dismissed Schwenk's Complaint without prejudice for failure to state a claim on which relief can be granted, but permitted Schwenk the opportunity to file an amended complaint. The deadline has passed and Schwenk has not filed an amended complaint. Therefore, the Court will dismiss the Complaint with prejudice for failure to state a claim on which relief can be granted and will impose a "strike" under 28 U.S.C. § 1915(g).

In its prior Memorandum Opinion and Order (Doc. 9), the Court dismissed Schwenk's Complaint without prejudice on the grounds that it fails to state a claim for relief. Plaintiff Schwenk is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed.R.Civ.P.

12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff

must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Consistent with these standards, the Court determined that Schwenk's Complaint did not state a claim under Rule 12(b)(6) or § 1915. (Doc. 9 at 3-5). The Court also afforded Schwenk the opportunity to remedy the deficiencies in his pleading and granted Schwenk leave to file an amended complaint within thirty days after entry of the Memorandum Opinion and Order. (Doc. 9 at 5-6). More than thirty days has passed and Schwenk has failed to file an amended complaint or seek any extension of time to do so. Therefore, at this time, the Court will dismiss Schwenk's Complaint with prejudice. *Hall v. Bellmon,* 935 F.2d at 1109-1110. Because the Court concludes that Schwenk's Complaint fails to state a claim for relief, see § 1915(e)(2)(B)(ii), the Court also imposes a strike against him under the Prisoner Litigation Reform Act (PLRA). § 1915(g). The Court reminds Schwenk that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED:**

**(1)** Plaintiff Marc Eric Schwenk's Prisoner's Civil Rights Complaint (Doc. 1) against Defendants Cibola County Detention Center, Melody Pohl, and Carol Lucero is **DISMISSED** with prejudice;

**(2)** A **STRIKE** is imposed against Schwenk under 28 U.S.C. § 1915(g).

_____
**UNITED STATES DISTRICT JUDGE**